# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* ) | |
| ) | Chapter 11 |
| Onco Investment Company, *et al.*, ) | |
| ) | Jointly Administered |
| Debtors. ) | Bankruptcy Case No. 04-10558 (RB) |
| ) | |
| ) | |
| MW Post Portfolio Fund Ltd., *et al.*, ) | District Court Civil Action Nos. |
| ) | 04-1543 (Lead); 04-1544; 04-1545; |
| *Appellants*, ) | and 04-1546 (SLR) |
| ) | |
| v. ) | |
| ) | |
| Norwest Bank Minnesota, National ) | |
| Association (n/k/a Wells Fargo ) | |
| Bank, MN, National Association), *et al.*, ) | |
| ) | |
| *Appellees*. ) | |
| ) | |

## APPELLANTS' NOTICE OF COMPLETION OF BRIEFING AND REQUEST FOR ORAL ARGUMENT ON MOTION TO DISMISS APPEAL

Appellants MW Post Portfolio Fund Ltd., DB Distressed Opportunities Fund, Ltd., Post Opportunity Fund, L.P., Post Total Return Fund, L.P., HFR DS Opportunity Master Trust, The Opportunity Fund LLC, MW Post Opportunity Offshore Fund, Ltd., South Dakota Investment Council, Concordia Mac29 Ltd., JME Opportunity Partners, LLC, JME Offshore Opportunity Fund, Ltd., JME Offshore Opportunity Fund II, Ltd., Restoration Capital Management LLC, Restoration Holdings Ltd., and Litespeed Master Fund, Ltd. (collectively, the "Senior Noteholders"), hereby request that the Court schedule oral argument on the Appellees' Motion to Dismiss these consolidated appeals.

-2-

The Senior Noteholders submit that oral argument is necessary and appropriate given the nature of the Motion. The Appellees have requested that the Court summarily dismiss this appeal, in which more than $11 million is at stake, of a published Bankruptcy Court opinion that already has been criticized in academic commentary and that is contrary to established law. The Appellees contend that, despite the inclusion in the Plan of an unambiguous savings clause (added at the demand of the Senior Noteholders) that "expressly preserved" for separate adjudication the rights that the Senior Noteholders seek to enforce in this case, and despite the Disclosure Statement's explicit warnings to creditors that this litigation could "dilute" the recoveries of junior creditors under the Plan, the Senior Noteholders somehow are foreclosed from pursuing this appeal because they filed an objection to confirmation of the Plan *before the Bankruptcy Court had issued the opinion that is the subject of this appeal*.

The Appellees say that the Senior Noteholders took "a second bite at the judicial apple." Reply at 2. The Senior Noteholders believe that another analogy is more apt: the Appellees have attempted a classic "bait and switch" by including the savings clause in the Plan and then claiming that the Plan itself forecloses the rights preserved to the Senior Noteholders by the savings clause (a clever argument much like that made when the Appellees replaced the Indenture Trustee with DTC in the chain of distribution under the Plan, and then claimed on appeal that no cause of action exists because (i) the Indenture Trustee received no New Common Stock and (ii) DTC (allegedly) is immune from suit).

Oral argument is appropriate here because the Senior Noteholders are, at a minimum, entitled to their "day in court" to refute the Appellees' unwarranted attempt to

expand limited doctrines of preclusion and mootness well beyond their outer limits, and to explain why this Court has jurisdiction over, and an obligation to hear, the merits of this case.

Dated: May 9, 2005

        /s/ Brian A. Sullivan
Brian A. Sullivan   (I.D. No. 2098)
Amy D. Brown      (I.D. No. 4077)
WERB & SULLIVAN
300 Delaware Avenue, 13th Floor
P. O. Box 25046
Wilmington, Delaware   19899
Tel.: (302) 652-1100
Fax: (302) 652-1111

-and-

HENNIGAN, BENNETT & DORMAN LLP
Bruce Bennett
James O. Johnston
601 South Figueroa Street, Ste. 3300
Los Angeles, California  90017
Tel.: (213) 694-1200
Fax.: (213) 694-1234

A. Brent Truitt
245 Park Avenue, Ste. 3962
New York, New York  10167
Tel.: (212) 672-1966
Fax.: (212) 672-1965

*Attorneys for MW Post Portfolio Fund Ltd., et al., Appellants*